Adam J. Fiss, Bar No. 211799
afiss@littler.com
Jonathan A. Heller, Bar No. 267542
jheller@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Fax No.: 408.288.5686

Attorneys for Defendants
SOPHOS INC. AND FRANCOIS DEPAYRAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER MARLOWE,<br><br>Plaintiff,<br><br>v.<br><br>SOPHOS INC., a Massachusetts corporation; FRANCOIS DEPRAYRAS, an individual, and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT UNDER 28 U.S.C. SECTION 1441**<br><br>**[DIVERSRITY JURISDICTION]**<br><br>Complaint Filed: March 13, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF CHRISTOPHER MARLOWE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants SOPHOS INC.; FRANCOIS DEPAYRAS (collectively "Defendants") hereby remove the above-entitled action, *CHRISTOPHER MARLOWE v. SOPHOS INC.; FRANCOIS DEPRAYRAS*, Santa Clara County Superior Court Case No. 23CV412760, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446 due to complete diversity of the parties' citizenship.

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action under the diversity jurisdiction statute, 28 U.S.C. § 1332(a). This case may be removed pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441(a), in that it is a civil action wherein the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

On March 13, 2023, Plaintiff Christopher Marlowe ("Plaintiff") filed a complaint against Defendants in Santa Clara County Superior Court: *Christopher Marlowe v. Sophos Inc., a Massachusetts corporation; Francois Deprayras*[1]*, an individual, and Does 1-50, inclusive*, Case No. 23CV412760 (hereinafter, the "Complaint"). The Complaint asserts the following causes of action: (1) Disability and Medical Condition Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide an Interaction [sic] Process in Violation of the FEHA; (3) Failure to Provide Reasonable Accommodations in Violation of the FEHA; (4) Harassment in Violation of the FEHA; (5) Failure to Prevent Discrimination and Harassment in Violation of the

[1] Francois Depayras name was misspelled as "Deprayras" in Plaintiff's Complaint. All references to Defendant Depayras, shall use the proper spelling of his name.

FEHA; (6) Retaliation in Violation of the FEHA; (7) Wrongful Termination in Violation of Public Policy; and (8) Intentional Infliction of Emotional Distress.

On April 27, 2023, Plaintiff served Defendant Sophos, Inc. with the Summons and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of Jonathan A. Heller in Support of Defendants' Notice of Removal of Civil Action from State Court ("Heller Decl."), ¶ 2, Exh. A. Plaintiff served Defendant Francois Depayras with the Complaint and Summons on May 15, 2023. *Id.* at ¶3.

On May 25, 2023, Defendants timely filed their General Denial and Affirmative Defenses with the Superior Court. A true and correct copy of Defendants' general denial and affirmative defenses is attached to the Heller Declaration, at ¶ 4, Exh. B.

Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings and orders received by or filed by Defendants in this state court action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Santa Clara County Superior Court or served by any party in the state court action. To Defendants' knowledge, no proceedings related hereto have been heard in Santa Clara County Superior Court.

## III. TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed within thirty (30) days of April 27, 2023, the date Defendant Sophos Inc. was served with the Summons and Complaint, and within one year of the initiation of the state court action. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

## IV. DIVERSITY JURISDICTION

The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

This action is a civil action over which this Court has original jurisdiction based on diversity

of citizenship pursuant to 28 U.S.C. section 1332(a) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A. Full Diversity Exists Between the Parties Because Plaintiff is a California Citizen Defendant Sophos, Inc is a Citizen of Massachusetts, and Defendant Francois Depayras is a Citizen of Virginia.**

This action involves a controversy between citizens of different States, as follows:

Plaintiff is a citizen of California: For diversity purposes, a person is a "citizen" of the state in which s/he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at the time he commenced this action and at all relevant times, he was a resident of the State of California. *See* Exhibit A, Complaint, ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship). Accordingly, Plaintiff was at all relevant times domiciled in California and a citizen of the same for diversity purposes.

Defendant Sophos, Inc. is a citizen of Massachusetts. At the time this action was commenced in state court, Defendant Sophos was, and remains, a corporation organized under the laws of the state of Massachusetts with their headquarters and offices principally located at 3 Van de Graaff Drive, Suite 2, Burlington, Massachusetts 01803. Declaration of Shelly Lin in Support of Defendants' Notice of Removal of Civil Action from State Court ("Lin Decl."), ¶ 2. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Thus, Sophos is a citizen of the State of Massachusetts, as that is where it is both incorporated and has its principal place of business. Lin Decl., ¶2.

Defendant Francois Depayras is a citizen of Virginia: Similarly, at all relevant times, to include

when this action was commenced in state court, Depayras was, and remains, an individual who resides in the State of Virginia. Declaration of Francois Depayras ("Depayras Decl."), ¶ 2.

No other parties have been named or served as of the date of this removal. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) (In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B. The Amount in Controversy Exceeds $75,000[2].**

Defendants only need to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). In his Complaint, Plaintiff prays for a myriad of monetary damages, including compensatory damages, general damages of at least $500,000, special damages of at least $500,000, punitive damages, attorneys' fees, costs, and interest. *See* Exhibit A, Complaint, paras. 34, 57, 63-64, 68, 70, 74-75, 80, and Prayer for Relief. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

---

[2] The calculations of alleged damages contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). Defendants need only plausibly allege that the amount in controversy exceeds $75,000.00. *Id*. ("[T]he defendants' amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

The Complaint and the Prayer for Relief contained therein reasonably demonstrate that the amount in controversy exceeds $75,000.00 as Plaintiff is expressly seeking damages in excess of that jurisdictional requirement.

Even going beyond Plaintiff's allegations, the amount in controversy exceeds $75,000. Plaintiff seeks recovery of monetary damages, including a loss of "earnings and other employment benefits," "loss of future earnings and earning capacity," and "loss of bonuses." *See* Exhibit A, Complaint, ¶¶ 40, 47, 63, 68, and 74.

Assuming that Plaintiff would have continued to work on a full-time basis, and conservatively estimating that this case will go to trial in April 2024, just over one year from the date Plaintiff filed his Complaint, back pay damages will be approximately $188,188 (which is 16 months times $11,761.75/month salary), based on the information contained in his Complaint. *See* Exhibit A, Complaint, ¶ 13.

Plaintiff also may be seeking future damages or front pay. Such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase, the amount of future wages in controversy in this case would total at least an additional $282,282. Thus, it may reasonably be estimated that Plaintiff's claims

involve possible back pay and front pay damages which alone total in excess of $470,470.

Plaintiff also seeks damages for "emotional distress, mental anguish, embarrassment, humiliation." *See* Exhibit A, Complaint, ¶¶ 41, 48, 63, 68, 74, and 77 – 80. These damages are a part of the amount in controversy calculation. *See Cain v. Hartford Life & Acc. Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (holding that emotional distress damages are included in determining the amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish.").

In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Based upon the authorities surveyed in *Velez*, the damages at issue could be higher. Plaintiff alleges that he suffered discrimination, harassment, retaliation, and adverse employment actions based upon his alleged disability. *See* Exhibit A, Complaint. Defendants deny that any discrimination, harassment, retaliation, or other adverse employment actions took place, but based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages adds at least $25,000.00 to the amount in controversy.

Additionally, Plaintiff seeks punitive damages. *See* Exhibit A, Complaint, ¶¶ 34, 57, 64, 70, 75, and 80. The Court must account for punitive damages for the purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Association*, 325 F.2d 785, 787 (9th Cir. 1963). California law does not provide any specific monetary limit on the measure of punitive damages that may be awarded under California Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Employment discrimination cases have the potential for large punitive damages awards. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). A punitive damages award may equal

as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "alone might" exceed the jurisdictional minimum. *Id.* at 334. Although Defendants herein vigorously deny Plaintiff's allegations, were Plaintiff to prevail on his claim for punitive damages, that alone could exceed the jurisdictional minimum.

Plaintiff also seeks such open-ended relief as "other and further relief as the Court may deem just and proper." *See* Exhibit A, Complaint, Prayer for Relief. Although uncertain in amount, these additional damages only serve to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim exceeding $75,000).

Finally, Plaintiff seeks costs and attorneys' fees in connection with her claims. *See* Exhibit A Complaint and Prayer for Relief, ¶¶ 35, 42, 49, 69, and Prayer for Relief. It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on all of his causes of action under the FEHA because the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff.

CAL. GOV'T CODE §12965(b).

Indeed, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA case where compensatory damages were only $30,000 but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

In conclusion, although Defendants do not concede that Plaintiff's claims have merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims far exceed the $75,000 jurisdictional requirement. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). Thus, Defendants have established by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

For these reasons, this matter is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## V. VENUE AND INTRADISTRICT ASSIGNMENT

For purposes of this Removal, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California, County of Santa Clara. Pursuant to 28 U.S.C. § 84(a), the appropriate assignment of this action is to the San Jose division of this Court. *See* Civil L.R. 3-2(e).

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

Contemporaneously with the filing of this Notice of Removal in the United States District

Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: David J. Lee at David Lee Law APC, 515 S. Flower Street, Suite 1900, Los Angeles, California 90071, and Brandon M. Banks at Brandon Banks Law APC. 3223 Webster Street, San Francisco, California 94123. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

## VII. CONCLUSION

As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) (diversity jurisdiction).

WHEREFORE, Defendants pray that the Court remove this civil action from the Superior

///

///

///

///

///

///

Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division.

Dated: May 26, 2023

LITTLER MENDELSON, P.C.

Adam J. Fiss
Jonathan A. Heller

Attorneys for Defendants
SOPHOS INC. AND FRANCOIS DEPAYRAS